UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                  :

RONNIE COLE (pro se),                              :

                      Plaintiff,                             :

          -against-                             :          05 Civ. 2902 (GEL)

GLENN GOORD, et al.,                          :          **OPINION AND ORDER**

                    Defendants.                         :
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

      In a complaint filed with the Court on March 16, 2005, plaintiff Ronnie Cole sought injunctive relief under the Americans with Disabilities Act in connection with the conditions of his confinement at Sing Sing Correctional Facility. (Compl. ¶¶ 1, 7(a)–(g).) On or about July 26, 2005, Cole was transferred from Sing Sing to Green Haven Correctional Facility. (See Letter from Ronnie Cole to the Court, dated July 28, 2005.) Defendants now move to dismiss Cole's complaint, arguing that the transfer from Sing Sing renders Cole's requests for injunctive relief moot. (Def.'s Mem. Supp. Mot. Dis. 1.) Defendants' motion fails to take into account an amended complaint filed by Cole after his transfer, and will therefore be denied.

      On August 3, 2005, approximately one week after Cole's transfer, defendants filed their motion to dismiss. The next day, on August 4, 2005, Cole signed an amended complaint and sent it to the Court's Pro Se Office. The amended complaint alleges that the same conditions that existed at Sing Sing and were the subject of plaintiff's complaint also exist at Green Haven, and seeks relief against officials at both facilities. (Am. Compl. ¶ 1.) Cole alleges that his transfer from Sing Sing to Green Haven was an act of retaliation in response to his filing of the initial

complaint. (Id. ¶ 2.) Furthermore, Cole's amended complaint adds three defendants who are alleged to be responsible for the alleged violations at Green Haven: Gail Haponik, acting Superintendent at Green Haven; Frederick N. Bernstein, Health Care Director at Green Haven; and Donald A. Stevens, Nurse Administrator at Green Haven. (Id. ¶¶ 3(f)–(h).) While Cole's initial complaint sought only injunctive relief, his amended complaint seeks not only injunctive relief, but also punitive damages (Am. Compl. ¶ 7(h)), compensatory damages (id. ¶ 7(i)), and court costs, expert witness fees, and attorneys' fees (id. ¶ 7(j)) against all defendants, including those connected with Sing Sing.

Cole's amended complaint, because it seeks injunctive relief against Green Haven and damages against Green Haven and Sing Sing officials, cannot be dismissed as moot as a result of Cole's transfer to Green Haven. The issue then is whether Cole's amended complaint should be accepted and considered by this Court in deciding defendants' motion. Cole's amended complaint is not an amendment of right pursuant to Fed. R. Civ. P. 15(a), which provides that a party may amend a pleading "once as a matter of course at any time before a responsive pleading is served." Cole's amended complaint, while filed with the Court on August 9, 2005, is deemed to have been filed on August 4, the day he delivered the complaint to prison officials to be mailed. See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (holding that prisoner complaints are filed when correspondence directed to the district court is delivered to prison officials). While it is unlikely that Cole had received defendants' August 3 motion to dismiss when he sent his amended complaint on August 4, under Fed. R. Civ. P. 5(b)(2)(B) he is deemed to have been served with the motion on August 3 when it was mailed to him. Because service of defendants' responsive motion occurred before Cole's filing of his amendment, the amendment cannot be

granted as of right.

Nevertheless, even if a party's amendment of a pleading is not one of right, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Our Court of Appeals has explained this provision of the Rule as follows:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

United States ex rel. Mar. Admin. v. Cont'l Ill. Nat'l Bank & Trust Co., 889 F.2d 1248, 1254 (2d Cir. 1989). There is no evidence that any of the above-stated reasons, or similar reasons, exist in this case. To the contrary, the timing of Cole's amended complaint evidences good faith and diligence on his part—Cole sent his amended complaint on August 4, only one week after he had been transferred to Green Haven. Therefore, Cole will be granted leave to amend his complaint. Because the allegations in Cole's amended complaint are not moot, defendants' motion to dismiss is denied.

On August 17, 2005, Cole filed a second request to amend his complaint. There are some variations between Cole's second and first amended complaints, with the second amended complaint containing some slight differences in order and structure, deleting a claim regarding movie subtitles, and adding several claims specific to Green Haven. As Cole explains in an attachment on the final page of the August 17 filing, this second amended complaint is intended to be a refiling of the first, but with the addition of a "notice of motion to amend complaint [that] was inadvertently omitted" from the first filing. Because Cole's second amended complaint

contains further amendments, is more recent, and was filed with a motion to amend, the second amended complaint will be the operative pleading in this case.

## CONCLUSION

Defendants' motion to dismiss [Doc. #14] is denied. Plaintiff's motion to amend the complaint [Doc. #16] is granted.

SO ORDERED.

Dated: New York, New York
October 20, 2005

_____
GERARD E. LYNCH
United States District Judge