UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                              :

RONNIE COLE,                             :

                     :

                   Plaintiff,       :

                     :       05 Civ. 2902 (GEL)

           -against-          :

                     :       **OPINION AND ORDER**

GLENN GOORD, et al.,          :

                     :

                Defendants.   :

                     :
------------------------------------------------------------x

Ronnie Cole, pro se.

Andrew M. Cuomo, Attorney General of the State
of New York (John E. Knudsen, Assistant
Attorney General, Of Counsel), for defendants.

GERARD E. LYNCH, District Judge:

        Plaintiff Ronnie Cole seeks injunctive relief under the Americans with Disabilities Act

("ADA") in connection with the conditions of his confinement at Sing Sing and Green Haven

correctional facilities.  Defendants now move to dismiss Cole's complaint for failure to

prosecute.  Defendants' motion will be denied.

## BACKGROUND

        This case has a long procedural history.  Plaintiff first filed suit in March 2005.  At that

time, plaintiff was a prisoner in Sing Sing Correctional Facility.  (See Letter from Ronnie Cole to

the Court, dated July 28, 2005.)  Plaintiff was transferred to Green Haven Correctional Facility

in July 2005.  (Id.)  In August 2005, plaintiff sought leave to file an amended complaint, alleging

that the same conditions that existed at Sing Sing and were the subject of plaintiff's complaint

also existed at Green Haven, and seeking relief against officials at both facilities, including three

new defendants, all Green Haven employees.  (Am. Compl. ¶ 1.)  Instead of answering plaintiff's

initial complaint, defendants moved to dismiss plaintiff's claims for lack of jurisdiction.  In

October 2005, the Court denied defendants' motion and granted plaintiff leave to file and serve

his amended complaint upon the three new defendants.  See Cole v. Goord, No. 05 Civ. 2902,

2005 WL 2777313 (S.D.N.Y. Oct. 20, 2005).

On December 12, 2005, Magistrate Judge Henry B. Pitman, to whom the case had been

referred for pre-trial oversight, granted the original defendants an extension of time to answer the

amended complaint until plaintiff served the three new defendants.  (Defs. Mem. 2.)  As of

November 2006, plaintiff had not served the new defendants.  As a result, on November 13,

2006, Judge Pitman ordered the plaintiff to file proof of service on the three new defendants or

show cause for why the action should not be dismissed for failure to prosecute within 30 days.

(Id.)  However, as of December 13, 2006, defendants still had not been served with the amended

complaint.  (Id.)  On May 23, 2007, defendants moved to dismiss the entire action for failure to

prosecute, or alternatively, to dismiss the action against the three new defendants for failure to

serve.

On June 2, 2007, plaintiff responded to defendants' motion.  In his response, plaintiff

stated that he had complied with Judge Pitman's November 2006 order, and that he had served

the new defendants on December 2, 2006, via certified mail.  (Pl. Mem. 3.)  Plaintiff attached to

his response evidence of his compliance.  (Pl. Aff. Exs. A, A-1, A-2.)  Upon receipt of this

evidence, defendants investigated plaintiff's claim, and discovered that, although "[p]laintiff's

mailing was an atypical method for attempting service" in that he attempted to serve the

defendants via certified mail instead of having the U.S. Marshals effectuate service, plaintiff had

indeed complied with Judge Pitman's order and attempted to serve the new defendants.  (Letter from John E. Knudsen to the Court, dated June 20, 2007, at 1.)  As a result, defendants withdrew their motion for lack of service, "given plaintiff's submissions of proof indicating attempted service."  (Id.)  Nevertheless, defendants declined to withdraw their motion to dismiss for failure to prosecute.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) authorizes district courts to dismiss an action for a plaintiff's failure to prosecute.  When considering a motion for failure to prosecute, the court should consider five factors: (1) the duration of plaintiff's failure to prosecute; (2) whether the plaintiff was on notice that such conduct would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving an opportunity to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal.  See Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 63 (2d Cir. 2000).  No one factor is dispositive, Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994), and "dismissal for want of prosecution is a matter committed to the discretion of the trial judge" over which the judge has "undoubtedly wide latitude."  Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993), quoting Merker v. Rice, 649 F.3d 171, 173-74 (2d Cir. 1981).  Furthermore, dismissal for failure to prosecute is an "extreme" sanction, Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998), and thus should only be granted on "rare occasions."  Id. at 114.  See Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]eference is due to the district court's decision to dismiss a pro se litigant's complaint only when the circumstances are sufficiently extreme.").

Defendants argue that, even though plaintiff attempted to serve the new defendants, he has not explained why he "could not [otherwise] move forward in this case." (Letter from John E. Knudsen to the Court, dated June 20, 2007, at 2.) Defendants claim that plaintiff has not attempted any discovery, made any motions, or otherwise pursued the case for over 18 months, and that this alleged neglect is sufficient grounds for dismissal. (Id.)

Defendants are mistaken. First, although plaintiff's initial delay in attempting to serve the new defendants was significant, once plaintiff was advised that his failure to serve the new defendants could result in dismissal, he promptly attempted to serve the defendants. While service was unsuccessful, defendants concede that plaintiff's failure to effectuate service was not due to plaintiff's neglect, but to plaintiff's "atypical" effort to effect service through certified mail. (Id. at 1.) Although defendants initially argued that service by certified mail is not legally effective under either federal or New York State law (Defs. Mem. 7, citing F.R.C.P. Rule 4(e) and N.Y. C.P.L.R. § 308), by withdrawing their motion to dismiss for failure to serve, they have waived that argument and consented to allow plaintiff to effectuate service at a later date. (Letter from John E. Knudsen to the Court, dated June 20, 2007, at 3 ("To the extent the Court does not dismiss the complaint in total for failure to prosecute, we request that the plaintiff have the U.S. Marshal effectuate service on the new defendants.").)

Defendants argue that, even taking into account plaintiff's compliance with Judge Pitman's order, plaintiff has still failed to pursue his action because he has not conducted any discovery or otherwise pursued his case since he attempted to serve the additional defendants in December 2006. However, assuming (as plaintiff apparently assumed) that service had been accomplished, the next step in the litigation process would be for defendants to answer the

amended complaint.  Because the original defendants were granted an extension of time to answer the complaint until the new defendants were served, no defendants have yet filed an answer in this action.  Although defendants' failure to answer is due to no fault or neglect on their part, plaintiff can be excused for failing to seek discovery at a time when he did not know, given defendants' failure to answer, what issues were contested in the case, and when, so far as it appears, no order setting discovery deadlines had been entered.  In any event, plaintiff is not required to seek discovery in his case.  He is fully entitled, if he so chooses, to forego discovery and simply proceed to trial.  Plaintiff violated no scheduling order or court-imposed deadline. He attempted to comply promptly with the one directive he received that put him on notice of an obligation to act to preserve his claims.

Furthermore, "while prejudice resulting from unreasonable delay may be presumed as a matter of law," Peart, 992 F.2d at 462, defendants have provided no reason to think that such a presumption is appropriate here.  Defendants argue that plaintiff's delay "will lead to some loss of memory" relevant to this action, but defendants concede that "it is unclear" whether they will suffer any "actual prejudice" from the delay.  (Defs. Mem. 5.)  Moreover, plaintiff's ADA claims generally do not turn on either plaintiff's or defendants' personal recollection of discrete events, but on consideration of the conditions of the institutions in which plaintiff has been housed.  It is unlikely that plaintiff's delay in this case would inhibit such a consideration.

Finally, the Court is mindful that certain obstacles exist which may hinder plaintiff's prosecution of his case.  Plaintiff is proceeding pro se in this action.  Although a pro se case, like any other case, may be dismissed for failure to prosecute, see Doe v. City of New York, No. 02 Civ. 10298, 2004 WL 2397191 (S.D.N.Y. Oct. 25, 2004), the Court should afford "special

solicitude" to pro se litigants in complying with procedural requirements.  See Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).  In addition, plaintiff is currently housed in a Special Housing Unit ("SHU"), a form of punitive segregation utilized by the Department of Correctional Services, see Silva v. Sanford, No. 91 Civ. 1776, 1998 WL 205326, at *6 n.7 (S.D.N.Y. Apr. 24, 1998), and he has limited access to the prison's law library and limited time outside of his cell.  Although plaintiff's SHU status is not a sufficient basis to exempt him from compliance with procedural requirements and plaintiff should not be afforded "special privileges" simply by virtue of his segregated status (Order of Judge Pitman, June 7, 2007, at 3), it is an additional obstacle that should be taken into account when deciding whether plaintiff has reasonably attempted to comply with those procedural requirements.

However, although pro se litigants should be afforded some leniency in determining whether they have adequately complied with procedural requirements, such litigants are not exempt from those requirements.  Non-lawyers may have the unrealistic expectation that after a complaint is filed, a case is somewhat processed without their further participation except when directed to act by the Court, but that is not so.  Plaintiff is cautioned that he should take active steps to secure relief.  If he believed that the defendants had been properly served but had failed to answer in compliance with Judge Pitman's order, it was incumbent on him to seek a default judgment.  Of course, such a motion would have been denied, but had it been timely made, the failure of service would have come to light far sooner, and the case would have advanced much further than it has.  Service having failed, it is now incumbent on plaintiff to take steps promptly to effectuate service properly.  Similarly, once the issue is joined and a discovery schedule set by Judge Pitman, both parties should strictly adhere to that schedule.  Failure to do so may result in

sanctions or dismissal in the future.

Plaintiff certainly could and should have taken more aggressive action to prosecute his case. For the reasons stated, however, dismissal is far too "drastic" a remedy at this juncture. Baffa, 222 F.3d at 63. Plaintiff is advised, however, that future neglect of this case will not be treated indulgently.

## CONCLUSION

Accordingly, it is hereby ordered that:

1.  Defendants' motion to dismiss is denied.

2.  Defendants are directed to provide plaintiff with the locations of the new defendants, so that plaintiff may request that the U.S. Marshals effectuate service on the new defendants. Plaintiff must request that the U.S. Marshals effectuate service on the new defendants by September 17, 2007.

3.  Defendants shall file an answer to the amended complaint by October 17, 2007.

4.  The case remains referred to Judge Pitman for pre-trial supervision. The Court is confident that he will take appropriate action to ensure that the case proceeds expeditiously.

SO ORDERED.

Dated: New York, New York
       August 16, 2007

                                        _____
                                        GERARD E. LYNCH
                                        United States District Judge

7